UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Chapter 13 |
| RONDA R. MADDOX, | ) | |
| | ) | |
| | ) | |
| Debtor | ) | Case No. 22-30832 |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Debtor's "Motion to Determine Post-Petition Mortgage Fees, Expenses, and Charges" ("Motion to Determine Fees"). [R. 20]. Debtor's Motion to Determine Fees objects to the $1,200 in attorney's fees sought by creditor PennyMac Loan Services, LLC ("PennyMac") for reviewing the plan, filing a proof of claim, and filing the notice of post-petition fees. Debtor's Motion to Determine Fees instead proposes to pay PennyMac $450 for its efforts in the bankruptcy case. For the reasons stated below, the Court awards PennyMac the sum of $1,200 in postpetition attorney's fees.

**I.    FACTS AND PROCEDURAL HISTORY**

On April 30, 2022, Debtor filed her Chapter 13 Petition. Debtor's Chapter 13 Plan, a 60-month plan paying out 5% to unsecured creditors, was confirmed on June 3, 2022. [R. 15]. On May 17, 2022, PennyMac filed Proof of Claim 2-1 in the amount of $106,245.02. *See* Claim 2-1 at 4. Then on October 25, 2022, PennyMac filed a Notice of Post-Petition Mortgage Fees, Expenses, and Charges ("Notice of Postpetition Fees"). The Notice of Postpetition Fees provides an itemization of the fees as follows: $500 for preparing and filing the proof of claim, $450 for

1

review of the Chapter 13 Plan, and $250 for preparing the 410A proof of claim attachment form, for a total of $1,200.

On November 17, 2022, Debtor filed the Motion to Determine Fees, objecting to the $1,200 in attorney's fees sought by PennyMac on the basis that the fees are excessive, and proposing to pay PennyMac the lesser amount of $450 in attorney's fees. [R. 20]. Debtor's motion specifically argues that: (a) PennyMac provided no documentation indicating how the $1,200 was calculated; (b) PennyMac's paying an attorney $950 for reviewing a plan and filing a claim, for a Debtor who is current on her mortgage payments, is inappropriate and excessive, since calculating the mortgage amount due is simply a business function of a mortgagor-creditor like PennyMac; and (c) PennyMac's $250 fee for filing the notice of postpetition fees is also excessive and unnecessary, since an attorney is not needed to create a fee notice. [*Id.* at 1–2].

On November 23, 2022, PennyMac filed a Response to the Motion to Determine Fees ("Response"), asserting that its fees are reasonable amounts to charge for the services rendered. [R. 22]. PennyMac's Response explains that an attorney was in fact necessary because "preparation, signing, and filing a Proof of Claim … involves significant risk if not done in compliance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure," [*id.* at ¶ 4], noting that PennyMac must include detailed information such as an itemization of the interest, fees, expenses and other charges, the amount necessary to cure any default, and must attach Official Form 410A, copies of the note and mortgage, and an escrow analysis. [*Id.* at ¶ 5].

To further evidence the work underlying their postpetition fees, PennyMac's Response goes on to provide a summary of actions typically taken by counsel to process and file a proof of claim (e.g. redacting personal identifiers in mortgage documents, preparing and filing notice of appearance), as well as a list of questions and issues counsel must consider when evaluating a plan

2

(e.g. whether the plan provides treatment for prepetition arrearage, whether creditor needs an adequate protection motion). [*Id.* at ¶¶ 7–8]. Finally, PennyMac's Response clarifies that, although Debtor's Motion to Determine Fees contends that PennyMac charged $250 for filing the Notice of Postpetition Fees, that is inaccurate, as PennyMac did not charge a fee for filing the Notice of Postpetition Fees. [*Id.* at 9]. Rather, the $250 fee is a flat rate representing PennyMac's "Form 410A Preparation Fee" (i.e. the attachment to the proof of claim). [*Id.* at 2].

On January 4, 2023, the Court held a hearing on the Motion to Determine Fees. At the hearing, the parties agreed with the Court that PennyMac's fees should be calculated via the standard lodestar calculation (discussed further *infra*) and indicated they did not wish to file any additional briefs beyond the underlying Motion to Determine Fees and the Response thereto. The Court instructed PennyMac's counsel to file a detailed billing statement by January 26, 2023. As requested by the Court, PennyMac's counsel filed a "Notice of Filing of Billing Statement and Supporting Documents" ("Billing Statement"), [R. 24], at which point this Court took the matter under advisement.

PennyMac's Billing Statement includes three attached exhibits: (a) a declaration from PennyMac's counsel ("Declaration") stating that the hours and rates billed were reasonable; (b) a detailed breakdown of PennyMac's "current billing rates for each attorney and staff along with and number of hours reasonably expended and resulting lodestar for the work performed and expenses incurred" ("Hourly Billing Statement"); and (c) Fannie Mae's *Allowable Bankruptcy Fees Exhibit* (2019)[1]. Counsel's Declaration establishes that PennyMac worked for 4.7 total hours on the underlying tasks, with the lead attorney performing 1.5 hours at $300/hour, and the paralegal

---

[1] This attached exhibit confirms that, according to the *Fannie Mae* maximum allowable attorney fees for services performed in a Chapter 13 case, $950 is the standard flat rate for "Proof of Claim Preparation & Plan Review," and $250 is the standard flat rate for "Proof of Claim – Form 410A Loan Payment History." [R. 24 at 11–12]. Both of those standard rates are in line with the postpetition fees sought by PennyMac.

3

performing 3.2 hours at $125/hour, for a total fee of $850 ($450 billed by the attorney and $400 by the paralegal). [R. 24 at ¶ 13]. The Declaration goes on to explain that, aside from the fee for plan review and for preparing and filing the proof of claim, PennyMac seeks an additional fee of $250 for preparation of Form 410A, which is slightly lower than the actual cost for the time required to prepare the form, which "would have easily exceeded 2.5 hours at a minimum cost of $312.50."[2] [*Id.* at ¶ 14].

PennyMac's Hourly Billing Statement confirms that the lead attorney billed $450 for 1.5 hours of work, and the paralegal billed $400 for 3.2 hours of work, for a total of $850 representing 4.7 total hours of work. The Hourly Billing Statement also includes the additional $250 flat fee for preparation of Form 410A, increasing the total fees and expenses to $1,100. [*Id.* at 8–9]. Although that $1,100 charge in the Hourly Billing Statement is one hundred dollars less than the $1,200 requested in the Notice of Postpetition Fees, PennyMac explains that its contractual arrangements with its clients utilize the industry standard flat fees rather than relying on individual daily time records for these tasks. [*Id.* at 6].

## II.    JURISDICTION

The United States District Court for the Western District of Kentucky has jurisdiction over the Debtor's chapter 13 bankruptcy case pursuant to 28 U.S.C. § 1334(a), and has referred that case, and all related proceedings, to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a). The contested matter arising from the Debtor's Motion to Determine Fees is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(B), because it involves a claim against

---

[2] Regarding the $250 for preparing Form 410A, PennyMac's Declaration clarifies that "the cost of $250.00 for preparation of Form 410A was paid to a third-party vendor. This was a client pass-through that was reimbursed to [creditor's law firm] but recoverable by PennyMac as the actual amount expended for this service. The time required for [creditor's law firm] to prepare Form 410A would have easily exceeded 2.5 hours at a minimum cost of $312.50" [R. 24 at ¶ 14].

4

the estate.  Therefore, the court has authority to resolve the contested matter with a final order.

### III.    STANDARD OF REVIEW

Rule 3002.1 requires a lender to serve a Notice of all fees, expenses, or charges incurred postpetition within 180 days after the fees or expenses are incurred.  Fed. R. Bankr. P. 3002.1(c).  One of the main purposes of Rule 3002.1 is to promote transparent and timely notice of accumulated legal fees and other charges to the debtor.  Rule 3002.1(c) thus requires a claim holder to file and serve a notice itemizing all fees, expenses, and charges it asserts are recoverable against a debtor.

Pursuant to Fed. R. Bankr. P. 3002.1(e), the debtor may file a motion for determination of fees under Rule 3002.1(e).  Once a debtor challenges the reasonableness of the fees and expenses charged, the lender must bear the burden of proving its entitlement to the post-petition fees and expenses.  *In re Brumley*, 570 B.R. 287, 289–90 (Bankr. W.D. Mich. 2017).  Under Rule 3002.1(d), the prima facie evidentiary benefits of filing a proof of claim under Rule 3001(f) do not apply to a creditor's notice of post-petition fees.  *Id.*  Because the creditor is the party seeking to change the status quo by requesting amounts beyond the amount set forth in the original proof of claim, and because the creditor is the entity with greater knowledge of the circumstances giving rise to the supplemental charges, the creditor must bear the burden of showing the reasonableness of its fees and expenses.  The risk of non-persuasion under Rule 3002.1(e) therefore falls on the creditor.  *Brumley*, 570 B.R. at 289 ("Although the Debtor filed the Objection, the court concludes that the Lender must bear the burden of proving its entitlement to the post-petition Fees.").

### IV.    LEGAL ANALYSIS

A bankruptcy court may award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  The Sixth

Circuit uses the "lodestar method" to determine a reasonable fee award. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). This approach requires the court to determine a "lodestar amount" by multiplying the attorney's reasonable hourly rate by the number of hours expended. *Id.*

Applying the lodestar calculation—multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended—as it is represented in PennyMac's Billing Statement, the Court finds neither the hours worked nor the rates billed are unreasonable on their face. Where PennyMac bears the burden of proving its entitlement to postpetition fees, *Brumley*, 570 B.R. at 289, it has met that burden by providing the Billing Statement showing that its lead attorney billed $450 for 1.5 hours of work, and its paralegal billed $400 for 3.2 hours of work, for a total of $850 representing 4.7 total hours of work, plus a $250 flat fee for preparation of Form 410A, for a total of $1,100. [*Id.* at 8–9]. The Court finds those figures to be entirely reasonable, and Debtor has provided no evidence or argument to otherwise rebut the reasonableness of PennyMac's fees. Again, although the $1,100 represented in the Hourly Billing Statement is less than the $1,200 sought in the Notice of Postpetition Fees, PennyMac explained this minor discrepancy by noting that it relies not on hourly billing charges but on its own standard flat contract rates—$500 for filing a proof of claim, $450 for plan review, and $250 for preparing Form 410A—which are within range of mortgage industry standards. Accordingly, having considered the matter fully, and being otherwise sufficiently advised,

It is hereby **ORDERED** that PennyMac is entitled to $1,200 in fees and expenses based on the billable rate and total hours worked on postpetition legal services in this bankruptcy.

*Charles R. Merrill*
Charles R. Merrill
United States Bankruptcy Judge
Dated: February 9, 2023